IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHEN CHUNG WEI, As Personal | § | |
| Representative of the Estate of | § | |
| Huang Miao Wei Chen, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-17-1921 |
| v. | § | |
| | § | |
| TEXLACA INVESTMENTS, LLC, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss Counterclaim ("Motion") [Doc. # 10] filed by Plaintiff Chen Chung Wei, as Personal Representative of the Estate of Huang Miao Wei Chen. Defendant Texlaca Investments, LLC ("Texlaca") filed a Response [Doc. # 17], in which it voluntarily dismissed its fraud counterclaim. Having reviewed the record and applicable legal authorities, the Court **dismisses** the fraud counterclaim in accordance with the voluntary dismissal agreed to by Defendant, and **denies** the Motion as to the remaining counterclaims.

## I. BACKGROUND

On March 3, 2006, Huang Miao Wei Chen and others formed Texlaca. She and her husband were two of the founding members and original managers of Texlaca. Approximately two weeks later, she and her husband acquired and financed 49

condominium units.  Defendant alleges that Huang Miao Wei Chen and her husband acquired the condominium units with the intent to transfer them to Texlaca.

Texlaca alleges that in July 2006, Huang Miao Wei Chen and her husband executed a deed transferring ownership of the condominium units to Texlaca, subject to a $1,000,000.00 Note and Deed of Trust assumed by Texlaca.  She and her husband each held a 20% interest in Texlaca.  Defendant alleges that Huang Miao Wei Chen was an active participant in the transactions, and that she signed many documents, some of which were filed in the Real Property Records of Harris County, Texas.

Huang Miao Wei Chen died on or about April 30, 2016.  Plaintiff was appointed as the Personal Representative of her Estate on May 22, 2017.  On June 22, 2017, he filed this lawsuit, alleging that Huang Miao Wei Chen's signature on the deed conveying the 49 condominium units to Texlaca was a forgery.  Plaintiff seeks quiet title, and partition and sale of 50% of the condominium units.

Texlaca filed counterclaims for fraud, breach of contract, specific performance and adverse possession. Plaintiff moved to dismiss the counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In response, Texlaca voluntarily dismissed the fraud claim, but argues that it has adequately pled the remaining counterclaims.  Plaintiff neither filed a reply nor requested an extension of the reply deadline.  The Motion to Dismiss Counterclaims is now ripe for decision as to those remaining counterclaims.

## II.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *See Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013); *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *See Harrington*, 563 F.3d at 147; *Massey v. EMC Mortg. Corp.* 546 F. App'x 477, 480 (5th Cir. Nov. 5, 2013).  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Whitaker v. Collier*, 862 F.3d 490, 506 (5th Cir. 2017); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *See Iqbal*, 556 U.S. at 679.  Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## IV.  ANALYSIS

Under Texas law, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the

plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009). In this case, Texlaca adequately alleges the existence of a valid contract for Huang Miao Wei Chen to transfer ownership of the condominium units, subject to Texlaca's assumption of the $1,000,000.00 Note and Deed of Trust. Texlaca alleges that it assumed the Note and Deed of Trust and, to the extent Plaintiff now alleges that Huang Miao Wei Chen did not sign the deed transferring ownership of the condominium units, she breached the agreement to do so. Texlaca alleges that it suffered damages as a result, including having paid the taxes on the property for over ten years. Texlaca has adequately pled its breach of contract counterclaim, and the Motion is denied as to that claim.

To prevail on a claim for specific performance under Texas law, "the plaintiff must show that it has substantially performed its part of the contract, and that it is able to continue performing its part of the agreement." *DiGiuseppe v. Lawler*, 269 S.W.3d 588, 594 (Tex. 2008). Texlaca adequately alleges that if Huang Miao Wei Chen did not sign the deed conveying the condominium units, she breached her agreement with Texlaca. The counterclaim includes adequate factual allegations that Texlaca has performed its part of the contract for over ten years, and remains ready, willing and able to continue to perform. As a result, there is no basis to dismiss the specific performance counterclaim.

To adequately assert a claim of adverse possession, a claimant must allege "(1) the actual and visible possession of the disputed property; (2) that is adverse and hostile to the claim of the owner of record title; (3) that is open and notorious; (4) that is peaceable; (5) that is exclusive; and (6) that involves continuous cultivation, use, or enjoyment throughout the statutory period." *NAC Tex Hotel Co. v. Greak*, 481 S.W.3d 327, 331-32 (Tex. App. – Tyler 2015). Texlaca adequately alleges these elements if Plaintiff is correct that Huang Miao Wei Chen's signature on the deed to Texlaca is a forgery. Texlaca has alleged that for over ten years it openly and visibly managed and paid the property taxes on the condominium units. Texlaca alleges that, if Huang Miao Wei Chen did not sign the deed conveying the property to Texlaca, its possession of the condominium units – as owner and manager – was adverse to the position now asserted by Plaintiff that Huang Miao Wei Chen remained the owner of the condominium units during the same time period. The Motion to Dismiss the adverse possession counterclaim is denied.

## V.   **CONCLUSION AND ORDER**

Defendant has voluntarily dismissed its fraud counterclaim. Defendant adequately alleges a legal and factual basis for the remaining counterclaims for breach of contract, specific performance, and adverse possession. As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Dismiss Counterclaims [Doc. # 10] is **DENIED**. It is further

**ORDERED** that Defendant's fraud counterclaim is **DISMISSED** pursuant to

the voluntary dismissal of that claim as set forth in the Response.

SIGNED at Houston, Texas, this **12th** day of **October, 2017**.


_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE